CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 9 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DELMER LOUIS SMITH, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00509 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, et. al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Plaintiff Delmer Louis Smith, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Smith alleges that the Virginia Department of Corrections (VDOC) Courts and Legal Department failed to credit him the appropriate number of earned good conduct days against his sentence as required under Virginia statutes, based on the number of days he had already served. He seeks monetary damages for each day he was held past his release date. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

Smith alleges the following sequence of events from which his claims arise. He was arrested on June 25, 2007, charged with aggravated malicious wounding, and held without bound. On June 27, 2008, he accepted an agreement whereby he entered a no contest plea to a reduced charge of unlawful wounding and received a sentence of one year and two months, plus removal from existing probation. He believes that Virginia statutes entitled him to receive the most jail credit allowed–Level 1, which would grant him 4.5 days of good conduct time against that sentence for

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

every thirty (30) days he had already served against his sentence. Authorities placed him in Level 3, because of a pending detainer. As a result, he received only 2.2 days of good conduct time against the fourteen months he had already served. After he filed a complaint to the Virginia Department of Corrections (VDOC) Courts and Legal Department, he received three additional days assessed as "preadjusted good days," but he did not get the 4.5 days per month served, as he demanded. He then filed a complaint to the VDOC Director, with no change to his good conduct credit. Thereafter, his probation in another county was revoked and he was sentenced to one year and three months, to run concurrent to the malicious wounding sentence. He seeks monetary damages for being held thirty (30) days past what he believes would have been his proper release date if the VDOC had correctly calculated the good conduct time.

When inmates seek "to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody," they must do so in habeas proceedings. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In Wilkinson, the Untied States Supreme Court reaffirmed its holding in Heck v. Humphrey, 512 U.S. 477, 481 (1994), which requires that before an inmate could sue for monetary damages, he must first achieve a favorable termination to his claim that his conviction or term of confinement was invalid. Id. at 82. The Heck "favorable termination" requirement applies even after an inmate is released from the challenged confinement, as in this case, and thus can no longer challenge his imprisonment by means of a federal habeas petition. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (holding that Heck's "favorable termination" requirement applied to custodial as well as released inmates); see also Queen v. Purser, 109 Fed. App'x 659, *660 (5th Cir. 2004) (same).

2

Plaintiff seeks monetary relief for forfeiture of earlier release as a result of the VDOC's alleged miscalculations of his earned good conduct time. His own allegations, and the attachments to the complaint, confirm that his claim fails under Heck and Wilkinson. Indeed, he does not allege that he has filed any other court action raising this claim. His complaints to the VDOC resulted in only partial relief, and no entity charged with review of good time calculations has ruled that Smith's term of confinement was improperly calculated. As Smith has not yet achieved a "favorable termination" from an appropriate reviewing body regarding the calculation of his good conduct time, he is precluded from maintaining a civil action for monetary damages at the present time. Heck, 512 U.S. at 488-89; accord Randell, 227 F.3d at 301 ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery. . . ."). Accordingly, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 9th day of October, 2008.

*James C. Turk*
Senior United States District Judge